Incorporated. Argument not to exceed 15 minutes of the argument not to exceed 15 minutes of the argument not to exceed 15 minutes of the argument not to exceed 15 minutes of the argument not to exceed 15 minutes of the argument not to exceed 15 minutes of the argument The Railway Labor Act imposes on the parties a compulsory duty to arbitrate disputes concerning the interpretation or application of rights under a collective bargaining agreement or minor disputes So the CBA can't exclude certain items from arbitration? Well, Your Honor, for purposes of this case, we have not raised that issue and the reason is because the union and the company have agreed to exclude from the system board disciplinary matters concerning probationary employees We have in our brief and I did this only because I thought that I needed to notify the court that there was some disagreement among the courts concerning the ability to exclude an employee from access to the system board Yes, sir. And so the answer would be that there is disagreement among the courts about whether or not What's your position? The union's position is that it can do so because It can do so It can do so If it was an interpretation, can a collective bargaining agreement say something like, you have to do this in favor of some of your people, some of your members in certain things, but it can't be arbitrated? Can it do that or not? It can do it as to and has done it as to certain categories of employees So we have to look at the agreement to see whether this is one of those categories of employees Yes, sir Like is it a probationary employee? Yes, sir It can do that It can do that It shows us just simply whether this is a minor dispute or not It's whether it's a minor dispute as to which the CDA has said we can or cannot have arbitration Yes, your honor, the standard that has to be applied, is there an express provision of the CDA excluding this dispute from the jurisdiction? That's even assuming that one way or the other it's a minor dispute It can be a minor dispute, we still have to figure out whether it can be arbitrated under the, whatever the standard is, clear language of the CDA, right? Yes, your honor So it's under the CDA Yes, your honor, so with that, a presumption of arbitrability is the point that I was making Because this is a minor dispute, because there's a broad arbitration clause within the CDA Oh, that just makes it a presumption, that's what you're saying Yes, sir, and therefore the standard of AT&T that there must be an express provision excluding or forceful evidence of an intent to exclude must be satisfied in order to remove the dispute from the jurisdiction It's got this language that the court will have in place Well, your honor, it's not clear for two reasons First, the provision of 22.3 on its face does not limit the jurisdiction of the system board It says what the jurisdiction of the system board will be It will have jurisdiction over these disputes It doesn't say it will only be that, or only as to these employees There's the expressio unius canon Because otherwise you would say the jurisdiction of the board extends to the whole universe It just happens to mention these rights, but it doesn't say not to arbitrate anything else in the world Well, your honor, I think that notion is addressed by the fact that there are then two further sentences within the jurisdictional provision which do in fact limit the jurisdiction of the system board by saying that it may not consider disputes over changes to the agreement and it may not issue an award which changes the terms of the agreement So the jurisdiction provision does have express limitations on the system board But it is also limited to disputes between a crew member So you don't think they could arbitrate something against the president of the company? Well, your honor, it must be a person covered by the agreement Yes, because that's what a minor dispute is It's a dispute between an employee and a representative of the company Your honor, there are people in the universe of the company and even in the universe of this contract who are not crew members, correct? No, your honor, I don't agree with that as the company is put forward with the agreement Everyone who works for the company is a crew member or everyone who is a party in this contract is a crew member? Everyone who is listed on the seniority list is a crew member Now, the definition of crew member, which does not address the system board at all, does state an exception as to management pilots Does the system board only concern itself with seniority lists? No, your honor, no issue is restricted from the jurisdiction of the system board It has jurisdiction to consider any dispute concerning interpretation or application of any term of the agreement So it's like crew members? Well, it uses the term crew members, yes, sir Is crew members limited? There's a definition which appears to limit it so that a crew member could be a management employee That's what they rely on, right? Yes, sir, that's right Aren't there other parts of the CBA that contemplate that a management person can be a crew member? Yes, sir, there are Is there some sort of tension between the definition and the way the word is used throughout the collective bargaining committee? Yes, your honor, the definition is ambiguous in the sense that does it refer to say these people are the only ones who can be crew members or does it speak to the rights you're seeking to enforce? And what the union's position is that first the definition of crew member obviously does not address the system board but what is intended to delineate is what rights are going to be enforced and then under section 5.3 of the contract states that the seniority list shall list for each crew member and then it has various items that are to be listed including that crew member's status as a management crew member So there's parts of the CBA which refer to a management pilot, whatever you call them, as a crew member Yes, sir, Mr. Elmore, for example So the definition seems to preclude that It appears to, but it is when other provisions are considered, yes, there is an ambiguity in place from that So you're not arguing an ambiguity within each provision, you are arguing an ambiguity among the provisions of the collective bargaining agreement Yes, Judge Strange, certainly when you consider various provisions of the agreement that address the rights of crew members address the rights of crew members in management positions, that creates tension as Judge Rogers stated and I would say an apparent conflict which must be reconciled, that's for the system board to do Oh, and I'm sorry, as to section 5.3, the reason for the reference to that is it defines the management pilot's position as a status of a crew member Well, it doesn't define it, it says to include the following information, that was the question I was going to ask Status as a management crew member, if applicable, and the answer is presumably not applicable because you can't be a management crew member because crew members are non-management people, so you just put a dash It doesn't say that he acquires any particular rights as such, does it? It just says, this is an information, this is about how you make a list on a piece of paper, right? The seniority list will include the following information Well, Your Honor, it uses the term information, but the seniority list is a document which governs substantive rights under the agreement It's used in bidding, it's used for competitive seniority purposes among the employees and the management crew members are listed on that agreement, on that seniority list, with bargaining unit positions and then in addition to those bargaining unit positions, their status is management So you would also say that, simply you imply that it means management employee because management crew member is a contradiction of terms, so it means management employee Well, and that implies, that is another evidence of the tension, there certainly are terms used There's no tension between section 22 and section 3, that is the definition that we're dealing with We've got a separate section of the contract that may be badly drafted or something, but it's not involved directly You're just getting it by analogy to say there's a problem here Isn't that fair? We're not adverting to section 5.3a in this case, are we? When we talk about arbitrability Well, it illustrates that there is an ambiguity in the agreement and that 22.3 may not be stated with positive assurance that it cannot be construed to cover a dispute in which a pilot who was removed from management is seeking to assert rights as to his crew member position Can I ask you a question on one hypothetical issue? Let's assume that the contract is clear in excluding these people from the ability to arbitrate But that in another provision of the contract, it gives him some rights It doesn't give him arbitrability rights Or another example would be probationers Probationers have certain rights They get holidays along with everybody else or something like that under the contract But they don't have the right to arbitrate Does that mean they get to go to court or does that mean it's right without remedy? Does my question make sense? I understand that, Your Honor, and that question is why there is a disagreement among the courts I ask for your position, and your position was they could do it if it was clear enough Yes, Your Honor If it's clear enough, if it's clear that somebody gets some benefit out of the contract A member of the union gets some benefit Maybe a probationer member of the union, I don't know why you're a union person He's a beneficiary of the union contract But he is clearly enough excluded from the arbitration right That's a set of people that you hypothesize could exist, right? Yes, Your Honor What then is their remedy? Is there no remedy or do they get to go to court? That's my question Well, Your Honor, in our view, it could not be that they could go to court Because they're still seeking to enforce a contraction of the bond So they can't go to court, they have benefits under the contract But they can't be enforced by the union Yes, that's right What is the meaning of them then? They just get vague rights, is that the idea? They just get, I don't know, illusory rights You have the right, but there's no, you know Well, Your Honor, as to probationary employees, the reason that's been agreed to It's only as to discipline, as to discharge They can, if they're denied vacation, they can file agreements over vacation rights What if the contract explicitly said that they couldn't? You have the right to vacation, but you can't arbitrate That doesn't exist, or it can't be read to exist, or it can't be read to be done I'm trying to figure out where to draw the line, I want to know what's on the other side of the line Yes, Your Honor Well, we're not going to tell you what's on the other side of the line It's hard to figure out where to draw the line Well, Your Honor, as to that notion that we're going to foreclose A category of employees from enforcing any of their contractual rights I would have difficulty saying that's what, we didn't intend to do that And we don't believe that that would be appropriate The intent behind the probationary employee is to give the company an opportunity After that 12-month period to evaluate competency as a pilot And it's standard among pilot contracts to have that provision As to discharge only while they can Only as discharge? Yes, sir So if they denied a vacation or something like that They can grieve that Because the notion of, yes sir, because the policy idea is You need time to test this pilot skills and ability That doesn't apply to something like vacation or sick leave accrual So we have agreed for purposes of this case because we've done it And we agree the standard is, is there an express exclusion Because the company never argued forceful evidence And I would suspect you cannot have an express exclusion By the inference of referring to another provision You would say no matter what, no matter what, it wouldn't go to court Yes You either don't have a right or you do have a right and you can arbitrate Yes, Your Honor That's right Thank you Thank you Have a good time May it please the court I'm Thomas Ryan, I represent Natchez Aviation The court should affirm the district court's finding That this dispute is not arbitrable for three reasons One, the language of the jurisdiction of the adjustment board Two, the relatively bright concept of craft per class Management pilots are not in the craft per class And three, the language of the grievance The district court focused on section Did you say grievance? The grievance Under the RLA, under the Railway Labor Act Supervisory employees are not excluded Isn't that correct? That is Isn't that what That's not the issue And the reason it's not the issue Let me address this question first Because in the reply The union really mischaracterizes the situation by saying These employees are within the craft per class Management pilots are within the craft per class They are not within the craft per class The contract says they are not within the craft per class If you look at section The craft per class is the bargaining unit It's the term under the River Management pilots are not represented by the union They are not in the bargaining unit Section 5.5B of the contract Which is the section that says they retain seniority It says they are not represented by the union And the last sentence says A management pilot will not exercise any union membership right Including access to the union hall Secured websites or message boards Or otherwise participate in internal union affairs Until he transfers or rejoins the craft per class Management pilots are not in the craft per class Under this collective bargaining agreement Isn't that the question here? Whether when a management pilot Leaves management position Whether the management pilot then has What 5.5 says is The rights pursuant to the monthly service fee As set forth In section 5.5 So then they become a part They don't become a part of the bargaining The only way you become a part of the bargaining unit If you leave a management position Is to perform bargaining unit work You have to go into a pilot position Do they have any rights under the CBA? They have the right If they return to the craft per class To exercise their seniority Based upon their totality of service Seniority doesn't give you a job It's a conditional right If you get back into the craft per class The system board obligation Under the Railway Labor Act Section 45 If they disagree with that interpretation They don't have access to the agreements procedure This is a very unremarkable case In the sense that it says Management pilots don't have access To the agreements procedure Because the contract says They're not crew members And if you look at the contract term The definition Now I'm trying to clarify What if What if they Have a colorable argument That you disagree with That that's wrong How does that get resolved? It doesn't get resolved before the adjustment court That's the important answer Well they can pursue Where whatever form They can go to court They can make whatever claims they want As a terminated management employee That I have some Prohibitive contractual rights Under the collective bargaining agreement But they don't have access To go to court And make an argument That they have rights under the CBA Right, because they don't have access To the adjustment court It would just be a pure contract claim Right How can they make a contract claim If you say that they're not Protected by the contract They're not a signatory to the contract That's exactly the point So they would go to court And you would say you don't have a claim Right, and that would be where The merits would be addressed But this case is a jurisdictional question An arbitrability question The contract clearly says The only people who have access are crew members The definition excludes Management pilots That comports with the Railway Labor Act Obligation to establish An adjustment court Under 45 U.S.C. Section 184 If you look at the grievance procedure In this contract, it refers to Section 204 It parallels the language And if you look at the Railway Labor Act It says, shall be the duty of every carrier And of its employees Acting through their representatives Selected in accordance with The provisions of this subchapter To establish a board adjustment The obligation to establish An adjustment board Under the Railway Labor Act Is specific to the group of represented Employees You leave the bargaining unit and go to the management position You're not represented By the union You're not subject to the Railway Labor Act You don't have a minor dispute Because you're not under the Railway Labor Act You are a manager And your rights are as a manager What the contract says Is if you get back To a crew member position You have rights under the contract To retain your seniority But there's no guarantee in this contract That you're going to get back there There's no limitation on you being Terminated as a management pilot And leaving your employment with net jets You have to get back To exercise those rights But the issue I'm struggling with the fact That there is There are independent Provisions in the collective Bargaining agreement that do seem clear Your argument is The crew member does not include The management pilot It does seem to be clear But then when you look At other provisions within The collective bargaining agreement And I think it's important that it's Particularly in light of The special Nature of the Railway Labor Act And it's mandatory Provision for Arbitration and dispute Resolution So I think You do have to come forward and show How there is an express exclusion And I see the one you're arguing But let me ask you about some of the Other ones We've talked a little bit about 5.3a That's The seniority list And the key To this issue On your argument Is that these people Are not crew members Because that's the only definition On which you're hanging your hat So I'm looking at The seniority list Shall include the following information For what? Each crew member So you've got then One of the items about Crew members is the status As a management Crew member Then 5.3 Also refers 5.3 The whole section Is about Crew members Why does that not show That there is such a thing As a management crew member? Because the Definition of crew member Those Those provisions are dealing With some practical issues There are two sets of practical issues Crew members Pilots in the crafter class Go to management positions They tend to come back at some point in their career So the contract addresses Rights before, rights after Management pilots Actually perform some flying Because they have to do it to maintain their currency That's why there are restrictions On what management pilots can do Because they're actually flying from time to time To keep their certification That's what the contract's addressing But the grievance procedure And the contract definition Of union rights is very very clear When you leave that Crew member position A line pilot position Become a management pilot You're not represented by the union And you don't get access to the adjustment board Procedure What you're hanging Your case on Is the definition of crew member So what we have to do Is look to the contract Because it's simply a contract issue And I'm seeing Seniority lists That name Crew members That's what they are And has a status management crew member So it seems to me that That is a named entity And your Jurisdiction of the board Doesn't say The board will have jurisdiction Over disputes between Active crew members It says you will have Jurisdiction over disputes Between any Crew member And so I'm finding other provisions in the contract No it doesn't say any crew member Well the one I have done I'm reading 22.38 The board will have Jurisdiction over disputes Between any crew member Let me explain The term crew member and pilot Is in FAA regulations The term crew member or pilot Is actually used in NMB certifications It's being used for line pilots When you have the term Management pilot Or management crew member You're talking about people Who may have come out to pilot After class May actually fly As management pilots They're still members of management The provision with respect To jurisdiction of the system board Matches the NMB certification NMB certification was for pilots And the contract says In 5.5b When you go to a management position You're no longer a member of the craft or class If you look at section 184 of 45 U.S.C. Defining the obligation To establish an adjustment board It is specific to the craft or class The contract matches that When you're Represented by the union As a member of the craft or class You have access to the adjustment board Counselor I understand that you're giving us Your overall theory But would you look at 5.3a And 5.5a And at least Address the possibility Or recognize the possibility That It might be at least Badly drafted I'll grant that It would be better if it said Management employee A management pilot It would be better if it said management pilot But the term crew member Is defined Right It doesn't hurt me badly Because the term That we're focusing on Is the Section 22.3 And it has the term Crew member covered bias agreement That's actually a term of art for craft or class You will go through Many collective bargaining agreements Under the railroad labor act It will say crew member or employee Covered bias agreement It's craft or class You know that because it's very analogous To the term that's used In 45 USC section 184 Your obligation to establish An adjustment board Is specific to the employees Who are part of the class For whom you have been certified I understand that conceptually Because I also recognize That there are Different emphases In the various labor acts I recognize that ENLRA Is different from NRLA There's no question about that But we're down to what words are on the paper Because that's your argument And what Judge Voss Is asking is Let's talk about the words on the paper So you've got 5.3 You've got 5.5 I would say you've got 3.1 Also which defines What an active crew member is A crew member On the Seniority list Who is not In a management position So it seems to me That you've got a number of Categories of crew members You've got active crew members Who are not management You've got crew members Who are management crew members And then you've got A jurisdictional statement For your arbitration That says any crew member Why doesn't that cover Active crew members Management crew members Anybody who's a crew member is defined Because crew member is defined In the agreement In the beginning of the agreement Section 3.17 To say a crew member Is a non-management pilot on the seniority list And the only way I understand you can interpret 5.3 Rather 22.3a Is any crew member Covered by this agreement What does crew member mean? Non-management pilot And this is a term that reflects A railway labor act Definition of the Crafter class that doesn't include Management pilots Management pilots are not part of the crafter class They raise Subordinate officials Subordinate officials are put into separate Units In some places in the airline industry In the railroad industry You have units of supervisors But supervisors are not Part of the crafter class Of line pilots that was certified That's referred to repeatedly In this agreement The certification by the national mediation board Which was for pilots Crew members are defined as a term To exclude management pilots And when you look at the arbitration provision It defines the scope Of jurisdiction of the system board Completely consistently With the railway labor act The only people who get to file grievances Are members of the crafter class Which does not include management pilots Thank you Thank you your honor Your honor from MA The provision That was relied on by Mr. Reiner To assert That crew members who Assume a management status Leave the crafter class deals with Union membership rights And under the railway labor act Employees are not required to join the union So delineating Your right to the union message board Or your right to attend union membership meetings Says nothing about your membership In the crafter class since you don't need to join the union At all I think The fair point Is there are various provisions of this agreement Various terms used in this agreement That conflict with one another And there are terms that are Variations on each other which are used Management crew member Active crew member Employee Which the company concedes is used interchangeably With the term crew member throughout the agreement The definition of employee Certainly covers Mr. Elmore It is company personnel Covered by the agreement Mr. Elmore is unquestionably covered by the agreement He has a position On the seniority list That's a bid position In management he continued even in his Quote management position and by the way It's not used in the way Mr. Reiner suggests as the RLA uses to exclude Management employees That's just how the company refers to them The point we made in reply is that There's been no analysis of Mr. Elmore And they didn't attempt to argue That he was not a subordinate official or excluded From the craft of class But he's covered by the term employee And Even in this position That was designated a management position He continues to recruit seniority As a crew member And he continues to have bid rights As a crew member and he may be awarded A new position Even while in that position Of a management employee Based on that seniority Is there language in the collective bargaining agreement Which says that he Doesn't get any rights of a union member While he's in management No, he's considered inactive That's what, I'm sorry, that's the Commissioners section 5.5b Yes, yes sir, so he goes into Inactive union status While in that management position And so He doesn't pay dues He doesn't get to vote Well he doesn't have membership Right, he doesn't get to vote, attend meetings He does pay a service fee To the union in order to Retain that seniority And obviously one of the points the unions made is They're paying us that money for a reason And to make all of their claim To that position, and that's the most fundamental Entitlement that that seniority Gives you, is the right to go back to that position That's designated for you on the seniority list Or You go back to the seniority list But you don't necessarily go back to a job Unless one Fears that you're qualified for, right? Well, no your honor The pilot has been Awarded that position He's entitled to go to that position If he needs to be trained for it, the company trains him for it If he's already qualified for it Then he or she goes back to that Position, it's not a notional position Or a placeholder position, it's in fact An awarded position that they have a right to And They are also For example, covered by the just cause provision Of the agreement, but because it covers Employees Yes your honor Well, the Point being is that Yes your honor In that they contend The use of the term crew member, which they Have conceded can be synonymous with Employee and is used in other variations Elsewhere Yes your honor That's what they would say is the underlying Merits issue, now the district judge went so far As to say, or the magistrate judge To say, well Not all employees have the same rights And they don't have the right to just cause Even though it reads that way, that's obviously a merits Determination that the magistrate judge Should not have made, but the burden On the company is an express Exclusion, and it must appear On the face of the jurisdictional Provision, that's not what they're arguing They're arguing by inference to the definition Of crew member, which on its face Does not address the system board And they're making that inferential argument Despite the fact that there are other Provisions of the agreement, which would Categorize Mr. Elmore As an employee As a Management crew member, and certainly Talk about other rights that he retains While in management As a generality Here, that latter argument Would that really Indicate that we should interpret 22.3a, that it Covers disputes between any Employee, or any Person Your honor, I think All this court needs to do, is To say, that the fact that there Are these other apparently conflicting Provisions, and other variations on the Term crew member, and other usages Of the term employee to give rights Means that 22.3a Cannot be interpreted with positive Assurance, to not cover Mr. Elmore's dispute That's their argument Doesn't it mean that There's no dispute with any employee Or crew member That couldn't be covered Or any person covered By the agreement, because you're saying That crew member is ambiguous You can only take an Exclusion if it's unambiguous Therefore there's no exclusion Yes your honor, as to The only exclusion being Mr. Elmore, it's anybody Yes, and your honor They then would have the right to argue To the arbitrator, well no, this is in fact What we meant, when we used the term Crew member, and when we used the definition Crew member, but it can't satisfy This burden of an express exclusion That can't admit of Mr. Elmore's Right to enforce his crew Member rights under the agreement Thank you your honor